J-S54001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERRON ROGERS, | |
| Appellant | No. 154 EDA 2014 |

Appeal from the Judgment of Sentence August 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013284-2012

BEFORE:  BOWES, PANELLA, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J.:               **FILED SEPTEMBER 28, 2015**

Jerron Rogers appeals from the judgment of sentence of three to six years incarceration that was imposed by the trial court after it found Appellant guilty of possession of a controlled substance with intent to deliver ("PWID") and conspiracy.  We affirm.

The Commonwealth's evidence in support of the convictions was as follows.  At approximately 9:00 p.m. on September 18, 2012, Philadelphia Police Officer Melvin Floyd set up surveillance on the 2000 block of Dickinson Street.  He was in plain clothes and utilized an unmarked police vehicle.  At the time, Officer Floyd had been a member of the Narcotics Strike Force for ten years and conducted thousands of drug surveillances.  Some were in the same area, which was known for high drug-trafficking.

_____
* Former Justice specially assigned to the Superior Court.

Using binoculars from about seventy-five feet away, Officer Floyd began to observe Appellant and his co-defendant David Floyd, who was not related to the officer. Appellant and Floyd were leaning on a Buick and conversing with each other. Five minutes after Officer Floyd initiated surveillance, an unnamed man approached Appellant and Floyd, briefly spoke with them, and handed money to Appellant. Floyd entered the Buick for one to two minutes, exited the vehicle, and handed a small object to the man, who immediately left the vicinity. Fifteen minutes later, Officer Floyd saw a female, Denise Darden, approach Appellant and Floyd, and they briefly spoke. Darden handed Appellant money while Floyd entered the Buick for one or two minutes. Floyd then handed a small object to Appellant, who gave it to Darden. Back up officers stopped Darden immediately after the transaction, and she unsuccessfully attempted to discard a yellow-tinted packet containing crack cocaine.

Officer Floyd concluded, based upon his experience and training, that he had witnessed drug sales, and his belief was confirmed by the recovery of drugs from Darden. He ordered the arrest of Appellant and Floyd, and the latter was immediately apprehended and placed in a cruiser. Appellant, however, escaped in the Buick. Floyd was not searched because police were trying to locate Appellant. Officer Floyd soon discovered the Buick, which was parked several blocks away. He waited nearby and watched the Buick. About thirty to forty minutes after Floyd's arrest, Appellant left a house close

to the Buick and was arrested. While Officer Floyd was pursuing Appellant, another police officer saw Floyd move his head toward the open window of the cruiser. A baggie with sixteen yellow-tinted packets of crack cocaine were located on the sidewalk near the police car. There was saliva on the bag, indicating that Floyd had hidden it in his mouth. After a bench trial, Appellant was convicted of PWID and conspiracy and acquitted of possession of a controlled substance. This appeal followed imposition of judgment of sentence. Appellant raises these averments, which we have reordered for ease of disposition:

> I. Whether the evidence presented at trial was insufficient to sustain Appellant's convictions?
>
> II. Whether the acquittal on the charge of Knowing and Intentional Possession is Inconsistent with the conviction on Possession with Intent to Distribute?
>
> III. Whether the trial court abused its discretion when it failed to order a new trial because the verdict was against the weight of the evidence?

Appellant's brief at 4.

> Initially, we observe:
>
> In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa.Super. 2015).

Appellant maintains that the evidence was insufficient to support his PWID conviction[1] since it failed to demonstrate that he delivered or intended to deliver a controlled substance. Appellant's brief at 12. We disagree. An experienced narcotics police officer viewed what appeared to be two street drug sales. During the first, an unknown male gave Appellant money, and Floyd retrieved a small object, and gave it to the male. Then, Darden approached Appellant and Floyd, Darden handed money to Appellant, Floyd retrieved something from the car, Floyd handed a small packet to Appellant, Appellant gave that item to Darden, and Darden was found in possession of a small packet containing crack cocaine. That drug was in a yellow-tinted bag. Sixteen yellow-tinted bags containing crack cocaine were found outside the police car where Floyd was located. The evidence herein was sufficient to support the factfinder's determination that Appellant possessed a controlled substance with intent to deliver. The reasonable inference from the outlined facts is that Appellant sold Darden the crack cocaine in her possession.

Appellant also seeks discharge on the PWID and conspiracy based on the fact that the guilty verdict on these charges "was inconsistent with Appellant's acquittal on the charge of Knowing and Intentional Possession of

---

[1] Appellant challenges only his PWID conviction and not the one for conspiracy. Appellant's brief at 11.

a Controlled Substance. Appellant could not have distributed a controlled substance if he did not possess it." Appellant's brief at 13. It is established in this Commonwealth that a factfinder is permitted to return inconsistent verdicts. **Commonwealth v. Moore**, 103 A.3d 1240 (Pa. 2014). We are not permitted to view an acquittal as a specific factual finding as to any issue involved in the case. **Id**. Accordingly, an acquittal on one charge is not grounds for finding the evidence insufficient as to the crimes for which the defendant was convicted. **Id**. In light of this precedent, the fact that Appellant was acquitted of possession of a controlled substance does not warrant reversal of the PWID and conspiracy counts.

Appellant additionally seeks a new trial based on his position that the verdict was against the weight of the evidence. He avers that the verdict should shock one's sense of justice since he was not found in possession of a large amount of cash, the sixteen packets of crack were outside the car containing his co-conspirator, it was not surprising that drugs were found on Darden since she was stopped in a high drug-trafficking area, and no drugs were found in his car.

When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of discretion in resolving the challenge. **Commonwealth v. Leatherby**, 116 A.3d 73 (Pa.Super. 2015). This type of review is necessitated by the fact that the trial judge heard and saw the evidence

presented. *Id*. Simply put, "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*. at 82. A new trial is warranted in this context only when the verdict is "so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014).

We do observe that, given the fact that Appellant escaped in his car after police arrived and was out of view for about forty minutes, there is a logical explanation for the fact that the car did not contain drugs and that a large amount of cash was not found on his person. Appellant had ample opportunity to dispose of any cash or drugs in the residence in which he hid from police. Regardless, Officer Floyd saw two narcotics transactions wherein Floyd and Appellant sold the drugs together. Additionally, crack cocaine packaged similarly to the crack found on Darden was discovered outside the cruiser where Floyd was detained. Hence, we cannot conclude that the trial court abused its discretion in denying Appellant's weight claim.

The trial court's verdict is not so shocking to one's sense of justice that a new trial is imperative so that right may be given another opportunity to prevail.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*